[No. 18288.   Department Two.—September 1, 1894.]

## J. T. MARTIN, RESPONDENT, *v.* BOARD OF SUPERVISORS OF YOLO COUNTY, APPELLANT.

HIGH SCHOOL BUILDING—ESTIMATION OF COST BY SUPERVISORS—TITLE TO LOT—MANDAMUS.—Where the board of supervisors have not acquired title to a lot of land upon which to erect a high school building they cannot be compelled by a writ of mandate to estimate the cost of erecting a county high school building, furnishing the same and conducting the school for twelve months.

ID.—DUTY OF SUPERVISORS TO ACQUIRE LOT—TRUST DEED TO BOARD OF EDUCATION.—Under the statute regulating the erection of a county high school building, the board of supervisors must acquire and own the lot upon which the building is erected, and must convey it, after the completion of the building to the board of education, who must hold it in trust for the county.

ID.—INSUFFICIENT TITLE—VOUCHER THAT COUNTY SEAT WILL FURNISH LOT.—A promise made by two persons, without consideration, assuming to vouch that the county seat would furnish a lot for high school purposes, provided the supervisors would erect thereon a first-class high school building, the property to revert to the owners when it ceases to be used for high school purposes, is too vague to be considered as furnishing any sort of title to the lot mentioned; and an acceptance of such promise by the supervisors does not require them to proceed farther in reference to the erection of a county high school building.

APPEAL from a judgment of the Superior Court of Yolo County.

The facts are stated in the opinion of the court.

*Armstrong, Bruner & Platnauer, Armstrong & Bruner,* and *District Attorney C. M. Mead,* for Appellant.

*R. L. Simpson,* for Respondent.

McFARLAND, J.—This is an appeal from a judgment of the superior court in a proceeding of *mandamus* requiring the appellant to estimate the costs of erecting a county high school building, of furnishing the same, and of conducting the school for twelve months.

Waiving all other questions arising out of the somewhat complicated legislation on the subject of high schools, we do not think that the acts which the judg-

ment compels appellant to perform are acts which the law specially enjoins; because no lot of land had been acquired upon which to erect the building.   The promise of Ross and Bush to "vouch" that the city of Woodland would furnish a lot for such school purposes provided the appellant would erect thereon a "first-class" high school, the "property to revert to the owners when it ceases to be used for high school purposes," is entirely too vague to be considered as furnishing any sort of title to the lot mentioned.   It is quite clear from the statute that the board of supervisors must own the lot upon which the building is erected and must convey it, after the completion of the building, to the board of education, who must "hold" it in trust for the county. And the acquisition of the lot is the first thing to be done.   It is needless to inquire whether the title must be in absolute fee simple; for here the board has no title at all.   The fact that the board at one time inadvertently accepted the offer of Ross and Bush was not of such force as to necessarily drive it onward to the commission of other unwarranted acts.   Moreover, what did it accept? A mere promise made by two persons, without consideration, that another person would, upon the happening of certain contingencies, "furnish" to the board a conditional estate in a certain piece of land.

The judgment is reversed.

Fitzgerald, J., and De Haven, J., concurred.